Edna PITT, Appellant,

v.

BRADFORD FARMS, General Partnership, et al., Appellees.

No. 13–91–200–CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 30, 1992.

Maria Estella Perez, Brownsville, for appellant.

David J. Dunn, Frank E. Weathered, Dunn, Cason & Weathered, Corpus Christi, for appellees.

Before FEDERICO G. HINOJOSA, Jr., KENNEDY, and SEERDEN, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

Appellant sued appellees for injuries she sustained in an auto accident. A jury found appellant to be the sole negligent party and found that she suffered no damages as a result of the accident. By four points of error, appellant complains that the trial court improperly charged the jury and demonstrated bias and prejudice during the trial. By a single cross-point, appellees request that we sanction appellant for filing a frivolous appeal. We affirm the trial court's judgment but decline to sanction appellant.

By her first three points of error, appellant complains that the trial court improperly charged the jury on liability issues. When a trial court submits a damages issue that is not conditioned on liability issues and the jury finds zero damages, the party appealing from the adverse judgment must challenge the zero damages finding, or any error the trial court may have committed regarding liability issues is rendered harmless. *Canales v. National Union Fire Ins. Co.*, 763 S.W.2d 20, 23 (Tex.App.—Corpus Christi 1988, writ denied).

The trial court submitted a damages issue that was not conditioned on liability issues. Appellant has not challenged the zero damages finding on appeal. Therefore, any error the trial court may have committed in charging the jury on liability issues has been rendered moot. We overrule appellant's first three points of error.

By her fourth point of error, appellant complains that the trial court abused its discretion by prejudicially controlling the trial. She argues that Visiting Judge Robert F. Barnes constantly interrupted her counsel and her witnesses, prompted opposing counsel to make objections, and belittled her counsel in front of the jury.

To reverse a judgment on the ground of judicial misconduct, we must find judicial impropriety coupled with probable prejudice to the complaining party. *Silcott v. Oglesby*, 721 S.W.2d 290, 293 (Tex.1986); *see also* Tex.R.App.P. 81(b)(1). The trial judge is responsible for the general conduct of the trial, and we allow him discretion in expressing himself while he controls the trial, even though he should refrain from verbally confronting or displaying displeasure towards counsel. *Food Source, Inc. v. Zurich Ins. Co.*, 751 S.W.2d 596, 600 (Tex.App.—Dallas 1988, writ denied). We examine the record as a whole

to determine whether the trial court's impropriety harmed appellant. *Brown v. Russell*, 703 S.W.2d 843, 847 (Tex.App.—Fort Worth 1986, no writ).

■ We have reviewed the entire record. The record reflects that appellant consistently gave non-responsive answers to questions, that appellee would object, and that appellant blurted additional responses before the court ruled on appellee's objections. Many of appellant's complaints refer to instances in which the trial judge asked either her counsel or her witness to stop speaking, asked opposing counsel what he wished to say, and heard opposing counsel's objections. In many of those instances, opposing counsel was objecting on the same grounds he had previously objected to just seconds earlier.

Appellant also complains that the trial judge often admonished her witnesses to only answer the questions asked but did not admonish appellee's witnesses to do the same. Appellant misstates the record. We find a number of instances in which the trial judge admonished appellee's witnesses to only answer the questions which were asked. We find that the trial judge acted in an impartial fashion by instructing appellant's witnesses to listen to each question and simply respond to the questions asked.

■ Appellant also alleges that the trial judge acted improperly when he asked the jury if it heard certain testimony. We reproduce the exchange in its entirety:

APPELLEE'S COUNSEL: How far off in the distance could you see the cotton trailers when you were approaching [the scene of the accident]?

APPELLANT'S COUNSEL: Objection, leading.

COURT: Overruled. Answer the question, if you know.

WITNESS: You want to know the distance, or ...?

COURT: Madam Reporter—excuse me. Madam Reporter read the last question back, please.

COURT REPORTER: How far off in the distance could you see the cotton trailers when you were approaching?

WITNESS: That was probably less than a quarter of a mile.

COURT: Could you hear that? [Addressing members of the Jury.]

JURY PANEL: [Collective assent.]

WITNESS: Less than a quarter of a mile.

■ The trial judge should not comment, either directly or indirectly, on the weight of the evidence. The record clearly shows, however, that the judge, the witnesses, the attorneys, and the jury in this case all had difficulty hearing in the courtroom. Before opening statements, the judge told the jury:

If you can't hear anything or you don't hear the witness testify or you're having trouble hearing, please indicate so that I can get them to talk a little louder ... And the rest of you too, if you have trouble hearing what's being said, please raise your hand and let me know.

The statement of facts includes many instances in which counsel admitted an inability to hear the witness or opposing counsel and instances in which witnesses could not hear counsel's questions. In one exchange, a witness answered a question, appellant's counsel stated that she could not hear the response, the trial judge repeated the answer verbatim, and appellant's counsel moved for mistrial on the grounds that the trial judge should not paraphrase the witness's responses. On other occasions, counsel asked the witness whether he or she could be heard from different places in the courtroom. These exchanges suggest that the trial court allowed counsel to leave counsel table to examine those witnesses. The record does not show that the trial judge indirectly commented on the evidence when he asked the jury if it heard a specific witness answer a specific question.

■ Finally, appellant complains that the trial judge acted improperly by examining a witness in front of the jury. The record shows that the trial judge examined one witness, that appellant did not object during the examination, that the court immedi-

ately recessed, and that appellant requested a bench conference when the court reconvened. At that conference, the trial judge stated:

> Well, if the Court doesn't understand what the witness is doing and I don't feel that the question has been properly put to the witness so that the Court and the Jury can understand it, then I'm going to take it upon myself to ask the Jury [sic] the questions so that it can be clarified, and I do this as a matter of expediency so we can get on with the trial. I don't feel that that's embellishing the witness's testimony, I feel it's an amplification of what his answer is, and that's all, and that's the only reason it's made ... [T]he Court, I feel, has the right to amplify what the witness said so that everybody understands. For example—I'll give you a perfect example. When Mrs. Bradford was testifying right now there was some confusion, and I could tell from the looks on the Jury's face that there was some confusion as to what call she had reference to, and that's the reason I asked her.

We have previously held that a trial judge may examine a witness during a bench trial. *Henderson–Bridges, Inc. v. White,* 647 S.W.2d 375, 377 (Tex.App.—Corpus Christi 1983, no writ). We based our decision in *Henderson–Bridges* on a similar holding in *Hudson v. Hudson* 308 S.W.2d 140, 142 (Tex.Civ.App.—Austin 1957, no writ). The Third Court of Appeals in *Hudson v. Hudson,* however, stated, "If this were a jury trial, we would have to view the matter in an entirely different light." *Id.*

■ We agree that the examination of witnesses by a trial judge during a jury trial must be viewed in an entirely different light. A trial judge should not examine witnesses who are testifying before a jury. We disapprove of cases which suggest that trial judges may generally examine witnesses whenever they feel that the jury does not understand the evidence being presented. *See, e.g., Delaporte v. Preston Square, Inc.,* 680 S.W.2d 561, 563 (Tex. App.—Dallas 1984, writ ref'd n.r.e.) (relying on our opinion in *Henderson–Bridges*). Under our State's system of justice, the duty to present coherent evidence to the jury belongs to the advocates, not to the bench. We hold that the trial judge acted improperly by examining the witness in front of the jury.

■ To reverse a judgment on the ground of judicial misconduct, however, a complaining party must show either trial court bias or that he suffered probable prejudice. *Silcott,* 721 S.W.2d at 293; *Andrews v. Dewberry,* 242 S.W.2d 685, 690 (Tex.Civ.App.—Fort Worth 1951, writ ref'd n.r.e.). The record does not reflect trial court bias, and appellant has neither demonstrated nor does the record show she suffered probable prejudice from the trial court's examination of the witness. We find that the trial judge acted in a fair and impartial manner throughout the trial and that appellant did not suffer probable prejudice from the impropriety committed by the trial judge. We overrule appellant's fourth point of error.

By their sole cross-point, appellees request this Court to sanction appellant for filing a frivolous appeal. In our discretion, we may award appellees up to ten times the total taxable costs. TEX.R.APP.P. 84. We choose not to do so. While our decision in this appeal may be the result of appellant's failure to challenge the zero damage finding, that failure does not render her points frivolous. We overrule appellee's cross-point.

We AFFIRM the trial court's judgment.