**Katherine L. BOTT, Appellant,**

v.

**John Paul BOTT, II, Appellee.**

No. 14–96–00577–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 18, 1997.

Gary A. Hinchman, Thomas J. Terrando, Houston, for Appellant.

Walter P. Mahoney, Jr., Pasadena, for Appellee.

## OPINION

YATES, Justice.

Katherine L. Bott appeals from a divorce decree appointing appellee, John Paul Bott, II, sole managing conservator of their daughter. In six points of error, appellant contends the trial court abused its discretion in: (1) admitting an expert's report and testimony based on that report; (2) failing to appoint a guardian ad litem; (3) failing to order an updated social study; and, (4) improperly commenting on the weight of the evidence. We affirm the trial court's judgment.

Appellant filed suit for divorce, seeking possessory conservatorship of the child, division of the marital estate, and damages for intentional infliction of emotional distress and for assault. The court appointed a psychologist, Dr. Richard Austin, to evaluate both parents and the child. Dr. Austin submitted a report on January 13, 1994, strongly recommending joint custody with appellant as possessory conservator. On March 13, 1995, Dr. Austin contacted counsel for both parties requesting a follow-up evaluation of both parents and the child. By letter dated March 29, 1995, appellant's counsel expressed his understanding that the court would limit Dr. Austin's testimony to the January 1994 re-

port. Therefore, appellant and the child refused to appear for further evaluation. In response, appellee's counsel advised appellant that appellee intended to update the psychological evaluations with or without appellant's cooperation or participation. Appellee's counsel added that Dr. Austin indicated he had changed his opinion regarding who should have custody of the child. Appellee's counsel asked for appellant to request additional time immediately if the change in Dr. Austin's opinion affected appellant's ability to be ready for trial. No further motions or letters appear in the transcript regarding Dr. Austin's follow-up report. The new report was sent by Dr. Austin to the judge and to the parties by letter dated May 5, 1995.

Trial began on May 25, 1995. When the supplemental report was offered into evidence, appellant's counsel objected on the ground that his discovery requests had not been timely supplemented with the new report. The trial court overruled the objection without any argument or evidence presented by appellee regarding good cause.

The jury found the parties should not be joint managing conservators and that appellee should be appointed sole managing conservator. The jury further found appellee had not committed the torts of intentional infliction of emotional distress or assault. The trial court entered a final decree in accordance with the jury verdict.

In points of error one and two, appellant challenges the admission of the supplemental report by Dr. Richard Austin and the admission of Dr. Austin's testimony based on the supplemental report. In point of error three, appellant contends the trial court erred in denying the motion for new trial based on the alleged error in admitting this evidence. Appellant contends the supplemental report was not provided within the time requirement of Rule 166b(6).

■ A party is obligated to designate any expert it expects to call and to disclose the substance of his testimony as soon as practical, but not less than thirty days before trial. Tex.R.Civ.P. 166b(6)(b). *Aluminum Co. of America v. Bullock,* 870 S.W.2d 2, 3 (Tex.1994). Rule 166b imposes a duty to supplement on a party who has responded to

a discovery request but later finds (1) the response was incorrect or incomplete when made, or (2) the response is no longer complete and the failure to amend the response would be in substance misleading. Tex. R.Civ.P. 166b(6). The duty to supplement includes supplementation of an expert's opinion which has changed due to the review of additional facts. *Aluminum,* 870 S.W.2d at 4.

■ Under Rule 166b, supplementation must occur not less than 30 days before trial begins. Tex.R.Civ.P. 166b(6). If the supplementation occurs within 30 days before trial, the nondisclosed evidence may not be presented at trial unless the court finds that good cause exists for permitting late supplementation. Tex.R.Civ.P. 215(5). The party offering the evidence has the burden of establishing good cause. Tex.R.Civ.P. 215(5). If the party offering the evidence does not establish good cause and the trial court admits the evidence over the opposing party's objection, the objecting party must show that the trial court's error "was reasonably calculated to cause and probably did cause rendition of an improper judgment." Tex. R.App.P. 81(b); *McKinney v. National Union Fire Ins. Co.,* 772 S.W.2d 72, 75 (Tex. 1989). The appellate court will determine if the error probably caused rendition of an improper judgment in light of the record as a whole. *McKinney,* 772 S.W.2d at 75.

According to the supreme court, the purpose of Rule 166b and the sanctions provided under Rule 215(5) is "to encourage full discovery of the issues and facts prior to trial so that parties could make realistic assessments of their respective positions." *Rainbo Baking Co. v. Stafford,* 787 S.W.2d 41, 42 (Tex. 1990) (quoting *Gee v. Liberty Mut. Fire Ins. Co.,* 765 S.W.2d 394, 396 (Tex.1989)). The promulgation and interpretation of these rules was intended to facilitate settlements and prevent trial by ambush. *Rainbo,* 787 S.W.2d at 42.

The supplemental report, on which Dr. Austin's testimony was based, was produced twenty days before trial. Appellee argues the trial court did not abuse its discretion in admitting this evidence because appellant re-

fused to be re-evaluated, knew Dr. Austin might change his recommendation, and did not attempt to depose Dr. Austin after learning of the possible change in recommendation. Essentially, appellee contends on appeal that there was good cause for the trial court to admit the discovery. However, appellee, as the party offering the report, bore the burden of establishing good cause at trial. As previously noted, the record shows the trial court overruled appellant's objection without having any argument or proof of good cause. Because the expert's revised report was produced within the 30–day period before trial, the trial court erred in overruling the objection and in admitting the evidence absent a showing of good cause. TEX.R.CIV.P. 215(5). *See Alvarado v. Farah Mfg. Co.*, 830 S.W.2d 911, 914 (Tex.1992) ("the rule [215(5)] is mandatory, and its sole sanction—exclusion of evidence—is automatic unless there is a good cause to excuse its imposition.")

■ Appellant contends the error in admitting this evidence was harmful because Dr. Austin was the only expert who testified and juries tend to give greater weight to expert testimony. Even if this were true, Dr. Austin did not recommend the type of custody arrangement chosen by the jury. Dr. Austin's original recommendation was joint managing conservatorship with appellant as the possessory conservator. Based on his updated evaluation, Dr. Austin testified he had changed his opinion and could no longer recommend either parent over the other, although he believed appellee would provide a safer place for emotional growth and development. Instead, Dr. Austin continued to recommend joint managing conservatorship, but left it to the jury to choose the possessory conservator. The jury did not follow Dr. Austin's recommendation of appointing joint managing conservators. The jury chose instead to appoint appellee as sole managing conservator.

The jury's choice was supported by the testimony of another clinical psychologist, Dr. Charles Patrick Brady, who recommended appellee as sole managing conservator. In addition to the testimony of the psychologists, there was testimony from other witnesses raising questions about appellant's ability to perform as a joint managing conservator. For example, there was testimony that appellant had created problems with appellee's scheduled visitation periods, that appellant was physically violent, that her former husband had contacted Children's Protective Services because appellant had left the children unattended, and that appellant had left a child at an acting school practice session, knowing the child had no transportation home. There was also testimony indicating appellee had a good relationship with his daughter and could provide a safe environment for her. This evidence is sufficient, without considering the supplemental report of Dr. Austin, to support the jury's decision to appoint appellee sole managing conservator. Because we do not find that the evidence based on Dr. Austin's supplemental report probably caused rendition of an improper judgment, we overrule points of error one through three.

■ In point of error four, appellant complains the trial court abused its discretion in not appointing a guardian ad litem and in not ordering an updated social study. The trial court had appointed at least two attorneys to serve as guardian ad litems, but the last attorney appointed had withdrawn before trial began.

The original divorce petition was filed in October 1991. The applicable section of the Family Code effective in 1991 gave the trial court broad discretion to appoint an attorney when the court deemed it necessary to protect the interests of the child, stating that the court "*may* appoint an attorney for any party in a case in which it deems representation necessary to protect the interests of the child...." Act of May 24, 1973, 63rd leg., R.S., ch. 543, § 11.10(c), 1973 Tex.Gen.Laws 1417 (amended and recodified 1995; current version at TEX.FAM.CODE ANN. § 107.011 (Vernon 1996).[1] The discretion given to the judge in the 1991 code provision was so

1. The amended and recodified section now states the trial court "*shall* appoint an attorney ad litem for any party in a case in which the court deems representation necessary to protect the interests of the child...." TEX.FAM.CODE ANN. § 107.011(b) (Vernon 1996).

broad that one court concluded it could not find an abuse of discretion even when the case "cried out" for an ad litem. *See, Hefley v. Hefley,* 859 S.W.2d 120, 123–124 (Tex. App.—Tyler 1993, no writ). The Family Code, as it existed in 1991, also permitted a trial court to order preparation of a social study into the circumstances and condition of the child and of the home of any person seeking managing conservatorship or possession of the child. Act of May 24, 1973, 63rd leg., R.S., ch. 543, § 11.12(a), 1973 Tex.Gen. Laws 1417 (amended and recodified 1995; current version at TEX.FAM.CODE ANN. § 107.051 (Vernon 1996)). The statute applicable in 1991, as well as the present statute, vests the trial court with discretion to order a social study. The trial court in this case did order a social study. Appellant, however, claims it was an abuse of discretion for the trial court not to order an updated report.

■ Appellant admits that neither party requested appointment of an ad litem and that appellant did not object to the failure to appoint an ad litem. Appellant also concedes there was neither a request for an updated social study nor an objection to the failure to order an update. When a party does not request appointment of a guardian ad litem and does not object to the failure to appoint one, the party has waived any error regarding the trial court's failure to appoint a guardian ad litem. *Linan v. Linan,* 632 S.W.2d 155, 157 (Tex.App.—Corpus Christi 1982, no writ) (op. on reh'g). Given the discretionary nature of ordering a social study, we find that waiver will also result where a party does not request an updated social study or object to the trial court's failure to order one.

■ Appellant cites *Swearingen v. Swearingen,* 578 S.W.2d 829 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ dism'd) in support of her claim that no request or objection was necessary. In *Swearingen,* neither party requested appointment of an attorney or a social study. *Id.* at 831. The appellate court observed that the record revealed "no circumstances which would cause a prudent trial judge to believe that [an attorney ad litem or a social study] would be necessary, especially without a request." *Id.* Appellant asserts that the instant case does involve circumstances that would cause a prudent judge to appoint an attorney and to order an updated social study.

But under the 1991 code provision, research reveals few cases involving a complaint about the lack of appointment of an attorney ad litem where the case does not concern termination of parental rights. Of the few cases on this subject, we locate none finding an abuse of discretion by the trial court for failure to appoint an attorney ad litem even when, as we noted earlier, the facts "cried out" for such appointment. *See Hefley v. Hefley,* 859 S.W.2d 120, 124 (Tex. App.—Tyler 1993, no writ). In *Hefley,* the father had spent eleven years in Rusk State Hospital after being found insane for raping and mutilating a woman and killing her small children. *Id.* at 122. After release from Rusk, the father was convicted of involuntary manslaughter, two DWIs, and other violent offenses. *Id.* Evidence showed the mother had been hospitalized at least twice for mental problems involving hallucinations and that the children were endangered by the mother's mental problems. *Id.* at 122–23. Despite this evidence, the appellate court found no abuse of discretion by the trial court in refusing to appoint an attorney ad litem for the children. *Id.* at 124.

Certainly, the facts in *Hefley* present a much stronger case for appointment of an attorney ad litem than those in this case. Although custody was hotly contested, we find no circumstances that would have caused the trial judge to believe it necessary, despite the lack of a request, to appoint an attorney ad litem or to order an updated social study. We overrule point of error four.

■ In point of error five, appellant asserts it was an abuse of discretion for the trial judge to admonish her during trial because these admonishments were tantamount to a comment on the weight of the evidence. Appellant cites four instances, three which occurred in the presence of the jury, where the trial judge sustained objections of nonresponsiveness and advised appellant to answer the question asked. Appellant cites no authority in support of this point of error.

To reverse a judgment on the ground of judicial misconduct, we must find both judicial impropriety and probable prejudice to the complaining party. *Pitt v. Bradford Farms*, 843 S.W.2d 705, 706 (Tex.App.—Corpus Christi 1992, no writ). A trial judge is responsible for the general conduct of the trial and is afforded the discretion to express himself while controlling the trial. *Id.* The trial judge should not, however, comment, directly or indirectly, on the weight of the evidence. *Id.* at 707. If we find the trial judge acted improperly, we must examine the record as a whole to determine if this impropriety harmed appellant. *Id.* at 706–07.

Our review of the record reveals that the judge acted appropriately in instructing appellant to answer the question. Appellant frequently gave non-responsive answers. Under the circumstances, the trial judge properly instructed appellant to listen to each question and respond to the question asked. *See id.* at 707. Finding no impropriety by the trial court, we overrule point of error five.

In her final point of error, appellant claims the cumulative effect of the errors asserted in points of error one through five amounted to such a denial of her rights as was reasonably calculated to cause and probably did cause rendition of an improper judgment. Although some errors are not considered reversible, all errors considered together can present cumulative error requiring reversal. *Pitman v. Lightfoot*, 937 S.W.2d 496, 537 (Tex.App.—San Antonio 1996, writ denied); *Klein v. Sporting Goods, Inc.*, 772 S.W.2d 173, 179 (Tex.App.—Houston [14th Dist.] 1989, writ denied). To determine if cumulative error denied appellant her right to a fair trial and due process of law, all errors in the case will be considered together with the record as a whole to determine if the errors were calculated to cause and probably did cause rendition of an improper judgment. *Pitman*, 937 S.W.2d at 537. Appellant must show that, based on the record as a whole, but for the alleged errors, the jury would have rendered a verdict favorable to her. *Id.*

Having found no error by the trial court in admonishing appellant during her testimony, in failing to appoint a guardian ad litem, and in failing to order an updated social study, we need not consider these complaints in a determination of cumulative error. Furthermore, we reviewed the entire record in addressing the trial court's error in admitting the evidence based on Dr. Austin's supplemental report and found that, even if the trial court erred in admitting the evidence, it did not result in the rendition of an improper judgment. Therefore, appellant has not shown that, but for the error in admitting the evidence based on Dr. Austin's report, the trial court would have rendered a different judgment. We overrule point of error six.

The judgment of the trial court is affirmed.