NO. 12-03-00300-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

§APPEAL FROM THE 349TH


IN THE INTEREST OF T.D.M.C.                   §     JUDICIAL DISTRICT COURT OF


§ANDERSON COUNTY, TEXAS





MEMORANDUM OPINION
            In four issues, Lanny Malcolm Collett and Mary Lois Collett appeal the trial court’s order
appointing Lisa Ann Collett sole managing conservator of T.D.M.C. On appeal, Lanny and Mary
present four issues. We dismiss for want of jurisdiction in part and affirm in part.
Background
             Lanny Malcolm Collett II (“Collett”) and Lisa Ann Collett are the parents of T.D.M.C., born
March 3, 1996. Lanny and Mary are the paternal grandparents of T.D.M.C. On July 31, 1996, Lanny
and Mary were appointed sole managing conservators of T.D.M.C. Collett and Lisa, who were
married at the time, were appointed possessory conservators, both having executed affidavits
designating Lanny and Mary as managing conservators. Lisa revoked her affidavit on November 19,
1996, and, through her motion to modify the parent-child relationship, requested appointment as
joint managing conservator of T.D.M.C. Collett and Lisa were divorced in February of 1997. Lisa
subsequently gave birth to a daughter, and moved to Mississippi. T.D.M.C. lived continuously with
Lanny and Mary.
            On May 3, 2002, after a hearing on Lisa’s motion to modify, the trial court ordered
modification of the parent-child relationship. Specifically, the court ordered appointment of Lisa,
Lanny, and Mary as joint managing conservators of T.D.M.C. Lanny and Mary were granted the
exclusive right to establish the primary residence of the child within Anderson County, Texas. Lisa,
Lanny, and Mary were each given the independent right to make decisions concerning the child’s
education. However, the trial court ordered Lanny and Mary to enroll T.D.M.C. in public school
beginning with the 2002-2003 school year. Further, the trial court ordered Lanny and Mary to enroll
T.D.M.C. in an educational preschool program, such as Southside Baptist, for at least one time per
week for a minimum of one-half day beginning the week of May 6, 2002 and continuing each week
thereafter until the beginning of public school in the fall of 2002. The trial court also ordered that
T.D.M.C. should not receive, be taken to, or be submitted for psychological or psychiatric
evaluation, examination, or treatment without prior court approval. Finally, the order included
specific times and dates for visitation between Lisa and T.D.M.C. from May through August 2002.
Lanny and Mary requested findings of fact and conclusions of law, which the trial court filed on 
June 24, 2002. Lanny and Mary requested additional or amended findings of fact and conclusions
of law, but the trial court did not act on the request.
            On February 12, 2003, the parties agreed to temporary orders and, on April 7, 2003, the trial
court modified the orders. The April 7 order appointed Lisa, Lanny, and Mary temporary joint
managing conservators of the child, but gave Lisa the exclusive right to establish the child’s primary
residence without regard to geographic location, to consent to psychiatric and psychological
treatment, and to make decisions concerning his education. The trial court also specified times and
dates for monthly visitation and weekly telephone calls by Lanny and Mary.
            In June 2003, the trial court heard Lisa’s petition to modify the parent-child relationship and
first amended motion for enforcement. During the first day of the hearing while Mary was being
questioned by her attorney, the trial court observed that Mary had not been satisfied with anyone who
has interacted with her, including the person conducting a home study and the doctors. Then, the
trial court stated that “[s]he’s filed a complaint against the ad litem.” Mary’s counsel excepted to
this second statement, contending that the attorney ad litem informed the court about the grievance
in an attempt to prejudice the court. Later, Mary’s counsel again excepted to the trial court’s
statement and objected to its ex parte communications with the attorney ad litem. However, the trial
court stated that it was his understanding that the ad litem was appointed by the court and, thus, had
a special relationship with the court. Mary’s counsel pointed out that the “code of ethics” prohibited
the attorney ad litem from disclosing that a grievance had been filed against her. The trial court
found no impropriety. 
            The next day, Mary’s counsel moved for a mistrial because the attorney ad litem
communicated with the trial court regarding the grievance. Mary’s counsel stated that the
misconduct “obviously prejudiced” the trial court and referred to other remarks by the court that
Lanny and Mary “do not get along with anybody.” The trial court overruled Mary’s motion for a
mistrial and noted her counsel’s objection to his ruling. Further, the trial court observed that the
attorney ad litem “correctly” approached the court regarding the possibility of a conflict arising from
the grievance because she was appointed by the court. In fact, the court stated that its attitude toward
and comments regarding Mary were based on repeated hours of testimony, hearings, and cumulative
knowledge since the first hearing in January of 2002.
            At the conclusion of the hearing, the trial court appointed Lisa sole managing conservator
and Collett possessory conservator, but specified limited visitation by Lanny and Mary. The trial
court signed an order incorporating these rulings and giving Lisa the exclusive right to establish the
primary residence of the child, to consent to psychiatric and psychological treatment of the child, and
to make decisions concerning the child’s education. Further, this order explicitly stated that it
“supercedes all prior orders concerning the child.” This appeal followed.
May 3, 2002 Modification Order
            In their first issue, Lanny and Mary argue that the trial court erred when it mandated in its
May 3, 2002 order that T.D.M.C. be enrolled in public school, contrary to its order giving Lanny and
Mary the independent right to make educational decisions on behalf of T.D.M.C. In their second
issue, Lanny and Mary contend that the trial court erred when it mandated in its May 3 order that,
as primary joint managing conservators, they could take the child to a psychiatrist or psychologist
only if they first obtained the court’s approval, contrary to the guidelines of the Texas Family Code.
In their third issue, Lanny and Mary argue that the trial court erred by failing to respond to their
request for additional or amended findings of fact and conclusions of law. 
            On July 22, 2003, the trial court ordered modification of the parent-child relationship. This
judgment disposed of all parties and issues in the proceeding and is, therefore, a final judgment. See
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 200 (Tex. 2001). Complaints about temporary orders
are moot where a final order has been entered. In re P.R., 994 S.W.2d 411, 417 (Tex. App.–Fort
Worth 1999, pet. dism’d w.o.j.), disapproved on other grounds, In re J.F.C., 96 S.W.3d 256, 267
& n.39 (Tex. 2002); Wright v. Wentzel, 749 S.W.2d 228, 234 (Tex. App.–Houston [1st Dist.] 1988,
no writ); Garner v. Garner, 673 S.W.2d 413, 418 (Tex. App.–Fort Worth 1984, writ dism’d). 
Because the May 3 order is a temporary order and a final order has been entered in the proceeding,
Lanny and Mary’s arguments regarding the trial court’s mandates in the order are moot and their
argument regarding the trial court’s failure to file additional or amended findings of fact and
conclusions of law is also moot. Accordingly, we dismiss Lanny and Mary’s first, second, and third
issues for want of jurisdiction.
Ex Parte Communications
            In their fourth issue, Lanny and Mary argue that the trial court erred by denying their motion
for a new trial and overruling their objection to the attorney ad litem’s ex parte communications with
the trial court. More specifically, Lanny and Mary contend that the trial court erred by failing to
grant a mistrial because the attorney ad litem’s ex parte communications influenced and prejudiced
the trial court. They also assert that the trial court’s incurable error caused them irreparable harm
and, thus, the judgment of the trial court should be reversed and this cause remanded for a new trial.
            We review the trial court’s denial of a motion for mistrial under an abuse of discretion
standard. In re M.N.G., 147 S.W.3d 521, 530 (Tex. App.–Fort Worth 2004, pet. denied) (citing In
re J.A., 109 S.W.3d 869, 874 (Tex. App.–Dallas 2003, pet. denied); City of Jersey Village v.
Campbell, 920 S.W.2d 694, 698 (Tex. App.–Houston [1st Dist.] 1996, writ denied)). The test for
abuse of discretion is whether the trial court acted without reference to any guiding rules and
principles or, in other words, whether the act was arbitrary or unreasonable. In re M.N.G., 147
S.W.3d at 530 (citing Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 214-42 (Tex.
1985)). The mere fact that a trial court may decide a matter within its discretionary authority in a
different way than an appellate judge in a similar circumstance does not demonstrate that an abuse
of discretion has occurred. Downer, 701 S.W.2d at 242. 
            The Texas Code of Judicial Conduct provides that, except as authorized by law, a judge shall
not initiate, permit, or consider ex parte communications or other communications made to the judge
outside the presence of the parties between the judge and a party, an attorney, a guardian or attorney
ad litem, an alternative dispute resolution neutral, or any other court appointee concerning the merits
of a pending or impending judicial proceeding. Tex. Code Jud. Conduct, Canon 3(B)(8), reprinted
in Tex. Gov’t Code Ann., tit. 2, subtit. G app. B (Vernon 2005). Ex parte communications involve
fewer than all of the parties legally entitled to be present during a discussion of any matter. In re
Thoma, 873 S.W.2d 477, 496 (Tex. Rev. Trib. 1994, no appeal) (citing Jeffrey M. Shaman, et al.,
Judicial Conduct and Ethics, § 6.01 at 145 (1990)). These communications are barred in order to
guarantee that every person legally interested in a proceeding is given the right to be heard according
to law. Id Further, all information, proceedings, hearing transcripts, statements, and any other
information coming to the attention of the investigatory panel of the District Grievance Committee
must remain confidential and may not be disclosed to any person or entity unless disclosure is
ordered by the court. Tex. R. Disciplinary P. 2.15, 833-834 S.W.2d (Texas Cases) XXXVII, XLIX
(Tex. 1991). Here, we must examine the record as a whole to determine whether the trial court’s
impropriety, if any, harmed Lanny and Mary. See Pitt v. Bradford Farms, 843 S.W.2d 705, 706-07
(Tex. App.–Corpus Christi 1992, no writ). 
            According to the trial court, the attorney ad litem approached the court regarding the
possibility of a conflict arising from a grievance filed against her by Lanny and Mary. This
communication did not involve the merits of the conservatorship issue that was before the court.
Therefore, it was not prohibited by the Code of Judicial Conduct. Moreover, we decline to hold that
under the circumstances presented here, the attorney ad litem’s discussion of the grievance with the
trial court violated the Texas Rules of Disciplinary Procedure. However, even if the trial court erred, 
Lanny and Mary have not shown harm. An examination of the record reveals that this case has been
ongoing before the trial court since 2002, that the trial court filed findings of fact after its May 3
order noting the precarious situation of Lanny and Mary in their attempt to retain custody of
T.D.M.C., and that the April 7 modification of temporary orders gave Lisa exclusive rights to
determine the child’s primary residence, education, and any psychiatric or psychological treatment.
All of these events preceded the trial court’s communication with the ad litem. Moreover, the trial
court observed that its comment was the result of repeated hours of testimony, hearings, and
cumulative knowledge since 2002. In sum, the record shows that the trial court’s attitude toward and
opinion of Lanny and Mary was based on its experience with them during the litigation, its decision
on the merits of the case was not dependent on the ex parte communication, and this communication
did not prejudice or influence the trial court. Because Lanny and Mary have failed to show that the
complained-of communication was improper and caused them harm, we conclude that the trial court
did not err in denying their motion for mistrial. Accordingly, we overrule Lanny and Mary’s fourth
issue.
Disposition
            Having determined that Lanny and Mary’s first, second, and third issues are moot, we dismiss
these issues for want of jurisdiction. Having overruled Lanny and Mary’s fourth issue, the judgment
of the trial court is affirmed.
 
                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice
 
 
Opinion delivered April 29, 2005.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J. 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
(PUBLISH)