Jerry Alan **AYERS**

v.

**AURORA LOAN SERVICES, LLC, et al.**

No. 6:10–cv–593.

United States District Court, E.D. Texas, Tyler Division.

May 27, 2011.

452

Ralph E. Allen, Law Office of Ralph Allen, Tyler, TX, for Jerry Alan Ayers.

Joshua James Bennett, Akerman Senterfitt, LLP, Dallas, TX, Daniel Ray Gamez, Pite Duncan LLP, San Diego, CA, for Aurora Loan Services, LLC.

### *ORDER ON MOTION TO DISMISS*

MICHAEL H. SCHNEIDER, District Judge.

This case concerns residential mortgages on a house and land in Smith County, Texas. Plaintiff Jerry Ayers accuses the defendants of giving him misinformation, of going back on agreements, and of tarnishing his credit report. Defendant Aurora Loan Services, LLC, moves to dismiss all of Plaintiff's claims. For the reasons stated below, Defendant's motion (Doc. No. 11) is granted.

## BACKGROUND

Plaintiff purchased a house and land in January 2007. To finance the purchase, Plaintiff executed two mortgages with Lehman Brothers Bank, FSB. A few months later, according to Plaintiff, an agent of Aurora suggested that he could roll his two mortgages into a single fixed rate mortgage. The agent allegedly told Plaintiff that to qualify for this modification his payments would need to be thirty days past due. Plaintiff withheld payments until his account was past due and then applied for the modification.

Over the next two years, Plaintiff attempted but failed to secure the loan modification. Plaintiff says that he repeatedly sent in the necessary paperwork but that it was lost or ignored by Aurora. During this period, the parties were allegedly in constant communication. According to Plaintiff, Aurora agreed to numerous forbearance agreements and threatened to foreclose several times. Plaintiff says that Aurora also reported false information to various credit agencies that caused his credit score to drop.

Ultimately, Aurora determined Plaintiff was in default and set a foreclosure sale for November 2, 2010. Plaintiff says he attempted to dispute the debt before the sale, but received no response from Aurora. Plaintiff then filed suit in state court to stop the sale. Aurora removed the case to this court, citing diversity and federal question jurisdiction.

## LEGAL STANDARD

Motions to dismiss for failure to state a claim are "viewed with disfavor, and are rarely granted." *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 232 (5th Cir. 2009) (internal quotation omitted). The Court utilizes a "two-pronged approach" in considering a motion to dismiss. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1950,

173 L.Ed.2d 868 (2009). First, the Court identifies and excludes legal conclusions that "are not entitled to the assumption of truth." *Id.* Second, the Court considers the remaining "well-pleaded factual allegations." *Id.* The Court must accept as true all facts alleged in Plaintiff's complaint, and the Court views the facts in the light most favorable to Plaintiff. *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir.2007). Plaintiff's complaint survives Defendant's 12(b)(6) motion to dismiss if it includes facts sufficient "to raise a right to relief above the speculative level." *Id.* (quotations and citations omitted). In other words, the Court must consider whether Plaintiffs have pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

## DISCUSSION

Plaintiff's complaint alleges ten claims: (1) Breach of Contract; (2) Violation of the Texas Deceptive Trade Practices Act (DTPA); (3) Negligent Misrepresentation; (4) Violations of the Fair Debt Collection Practices Act (FDCPA); (5) Violations of the Texas Debt Collection Act; (6) Unreasonable Collection Efforts; (7) Property Code Violations; (8) Wrongful Foreclosure; (9) Intentional Infliction of Emotional Distress; and (10) Defamatory Statements. Plaintiff also requests declaratory relief based on his breach of contract and DTPA claims.

Aurora moves to dismiss all of Plaintiff's claims. Aurora argues that Plaintiff's claims for wrongful foreclosure, violation of the Texas Property Code, defamation, violation of the DTPA, violation of the FDCPA, negligent misrepresentation, and intentional infliction of emotional distress all fail as a matter of law. Aurora argues

the remaining claims are inadequately plead.

In his response, Plaintiff does not defend his claims for wrongful foreclosure, defamation, intentional infliction of emotional distress, breach of contract, and unreasonable collection efforts. These claims are deemed abandoned. *See Black v. North Panola Sch. Dist.,* 461 F.3d 584, 588 n. 1 (5th Cir.2006) (claim abandoned when plaintiff failed to contest arguments for dismissal); *Scales v. Slater,* 181 F.3d 703, 708 n. 5 (5th Cir.1999) (same). Therefore, they are dismissed with prejudice.

The remaining claims are: (1) Violation of Property Code; (2) Violation of the DTPA; (3) Violation of the FDCPA; (4) Negligent Misrepresentation; and (5) Violation of the Texas Debt Collection Act. The parties also dispute whether an independent claim for declaratory relief remains.

### I. Violation of Property Code

Part K of the amended complaint accuses Aurora of violating Texas Property Code §§ 12.001 and 51.002. Section 12.001 relates to the recording of instruments concerning property. And Section 51.002 sets forth requirements for selling real property under a power of sale conferred by a deed of trust. Plaintiff's complaint simply states "that the actions of the Defendants were undertaken in violation" of these sections. Compl. at ¶ 46.

Plaintiff argues that Aurora did not comply with § 51.002 when it attempted to foreclose on Plaintiff's house. Plaintiff contends that, if the property had been sold, these mistakes would have rendered the sale void.

Aurora replies that it is undisputed in this case that no foreclosure has occurred. Plaintiff's theory, Aurora explains, is premised on cases that set aside completed sales. Aurora argues that Plaintiff's claim is either unripe, or it is an attempt to make a claim for attempted wrongful foreclosure, which Texas does not recognize.

■ Plaintiff's property code allegations do not state a claim on which relief can be granted. Plaintiff has not alleged an actual violation of the Texas Property Code because no foreclosure sale has occurred. Perhaps Aurora had not adhered to all the notice requirements of § 51.002. And perhaps if the property had been sold that sale could have been set aside. But absent a sale, Plaintiff cannot state a claim under these sections of the Property Code.

■ To the extent Plaintiff is attempting to sue for attempted wrongful foreclosure, the claim also fails because Texas does not recognize a claim for attempted wrongful foreclosure. *Port City State Bank v. Leyco Constr. Co.,* 561 S.W.2d 546, 547 (Tex.Civ.App.1977, no writ). Indeed, an inadequate sale price is an element of wrongful foreclosure claim. *Sotelo v. Interstate Fin. Corp.,* 224 S.W.3d 517, 523 (Tex.App.-El Paso 2007, no pet.) ("The elements of wrongful foreclosure are (1) an irregularity at the sale; and (2) the irregularity contributed to an inadequate price."). Thus, "a foreclosure sale is a precondition to recovery." *Biggers v. BAC Home Loans Servicing, LP,* 767 F.Supp.2d 725, 730 (N.D.Tex.2011). Because no sale occurred, Plaintiff fails to state a claim.

Therefore, Plaintiff's claim for violations of the Texas Property Code is dismissed.

### II. Deceptive Trade Practices

Part F of the complaint alleges violations of the DTPA. Plaintiff contends that he is a consumer as the term is defined by the DTPA. Compl. at ¶ 28. Plaintiff also contends that Aurora provided false and misleading information in violation of various sections of the DTPA. Compl. at ¶ 29.

Aurora argues that Plaintiff does not have standing to bring this claim because he is not a consumer under the DTPA. According to Aurora, Plaintiff did not purchase or attempt to purchase good or services that form the basis of this claim. Instead, Aurora argues, the complaint rests on an alleged offer to execute a loan modification. Aurora contends that a loan modification is essentially a pure money loan, which is not considered a good or service under the DTPA.

Plaintiff casts the basis of his complaint in a different light. He states that he was not attempting to obtain new financing, but simply attempting to change the terms of an existing loan. Plaintiff argues this was essentially an extension of the original loan, which was for the purchase of a house. Relying heavily on *Flenniken v. Longview Bank and Trust Co.*, 661 S.W.2d 705 (Tex.1983), Plaintiff argues that he satisfies the statutory definition of consumer.

This is not a case like *Flenniken*. In that case, the plaintiffs had secured a loan with which to pay a builder to construct their house. *Id.* at 706. After the builder abandoned the project, the bank foreclosed. *Id.* Although the plaintiffs technically conducted two transactions—one with the builder and one with the bank—the Court held that the plaintiffs were consumers under the DTPA because from their perspective the only transaction was the purchase of a house. *Id.* at 707. Here, the alleged loan modification was not a part of the financing scheme to acquire a house. It is an entirely separate and distinct transaction, sought after the purchase of the house was complete.

Here, Plaintiff is not a consumer under the DTPA because he was not seeking a loan for the purposes of acquiring a good or service. Rather, Plaintiff was seeking a modification of an existing loan, which is analogous to refinancing services. Refinancing is simply an extension of credit that does not qualify Plaintiff as a consumer. *See Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 160 (Tex.App.-Forth Worth 2007, pet. denied); *see also Broyles v. Chase Home Finance*, No. 3:10–CV2256–G, 2011 WL 1428904, at *4 (N.D.Tex. Apr. 13, 2011) ("subsequent actions related to mortgage accounts—for example, extensions of further credit or modifications of the original loan—do not satisfy the "good or services" element of the DTPA"); *Cavil v. Trendmaker Homes, Inc.*, No. G–10–304, 2010 WL 5464238, at *4 (S.D.Tex. Dec. 29, 2010) ("a mortgage or modification of a mortgage is not a good or service under the DTPA").

Therefore, Plaintiff's claim for violations of the DTPA is dismissed.

### III. Fair Debt Collection Practices

Plaintiff alleges Aurora's conduct violated the federal Fair Debt Collection Practices Act. Compl. at ¶ 39.

Aurora moves to dismiss the claim on the grounds that it is not a "debt collector" under the statute. Aurora contends that it is black letter law that mortgage companies that collect debts, like itself, are excluded from the debt collector definition.

Plaintiff argues that Aurora represented itself as a debt collector. Plaintiff further argues that Aurora acknowledged it was subject to the FDCPA.

In reply, Aurora argues the Court should ignore Plaintiff's allegation that Aurora held itself out as a debt collector because that allegation was not in the complaint. Aurora also states that Plaintiff failed to explain what significance, if any, that allegation would have on the analysis of this claim.

■ Aurora is not a debt collector as defined by the FDCPA. The FDCPA prohibits debt collectors from using abusive tactics to collect debts. It defines debt collectors as "any person ... who regularly collects or attempts to collect ... debts ... owed or due another." 15 U.S.C. § 1692a(6). The term does not include the originator of the loan or one that obtains a loan before it was in default. The Fifth Circuit has held that the term "does not include ... a mortgage servicing company ... as long as the debt was not in default at the time it was assigned." *Perry v. Stewart Title Co.,* 756 F.2d 1197, 1208 (5th Cir.1985). Plaintiff's complaint alleges his loans went into default after Aurora had become the servicing company. Thus, Aurora does not meet the definition of a debt collector.

Therefore, Plaintiff's claim for violations of the FDCPA is dismissed.

### IV. Negligent Misrepresentation

Part H of the complaint accuses Aurora of making false representations to Plaintiff in the course of Aurora's business. Plaintiff claims Aurora did not exercise reasonable care in communicating information, and that Plaintiff justifiably relied on the representation. Finally, Plaintiff claims the misinformation proximately caused him harm.

Aurora argues the claim fails because the alleged statements did not pertain to existing facts. That is, Plaintiff's complaint accuses Aurora of falsely stating something would be true in the future. Aurora contends promises of future conduct cannot form the basis for a negligent misrepresentation claim.

In response, Plaintiff argues that he relied on Aurora's representation that it would modify his loans if he allowed them to become past due. Plaintiff states these allegations meet the elements of a negligent misrepresentation claim.

■■ Plaintiff fails to state a claim for negligent misrepresentation. An element of a claim for negligent misrepresentation is that "the defendant supplie[d] 'false information' for the guidance of others in their business." *Federal Land Bank Ass'n of Tyler v. Sloane,* 825 S.W.2d 439, 442 (Tex.1991). "[T]he sort of 'false information' contemplated in a negligent misrepresentation case is a misstatement of *existing fact,* not a promise of future conduct." *Allied Vista, Inc. v. Holt,* 987 S.W.2d 138, 141 (Tex.App.-Houston [14 Dist.] 1999, pet. denied). Plaintiff complains that Aurora misrepresented that it would modify his loan. This concerns future conduct, not existing facts. Therefore, Plaintiff's claim fails, and it is dismissed.

### V. Texas Debt Collection Act

Plaintiff alleges Aurora's behavior violated the Texas Debt Collection Act. Compl. at ¶ 40. Plaintiff also alleges that a violation of this act is necessarily a violation of the DTPA. Compl. at ¶ 41.

In its opening brief, Aurora argues that Plaintiff's allegation is too conclusory and vague to give adequate notice of its claim.

In response, Plaintiff explains that the Debt Collection Act prohibits a debt collector from misrepresenting the character or amount of a consumer's debt. Plaintiff believes his complaint includes allegations that Aurora violated this prohibition.

Aurora replies that the only allegation by Plaintiff is that Aurora damaged his credit rating by reporting he was subject to a foreclosure action. Aurora argues that a claim based on this supposed injury is preempted by the federal Fair Credit Reporting Act (FCRA). In support, Aurora incorporates by reference a preemption

argument it had made in its opening brief about Plaintiff's defamation claim.

■ Plaintiff's claim is preempted by the FCRA because it is based on an allegation that Aurora furnished inaccurate information to a consumer reporting agency. The FCRA includes a strong preemption clause that states "[N]o requirement or prohibition may be imposed under the laws of any State ... with respect to any subject matter regulated under ... section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F). Section 1681s–2 prohibits reporting "any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s–2(a)(1)(A). Plaintiff's allegation is that Aurora did just this. But Section 1681t clearly preempts a claim founded in state law. *See Garza v. Sallie Mae, Inc.*, No. SA–10–CV–510–XR, 2010 WL 3784197, at *5 (W.D.Tex. Sept. 21, 2010) ("Plaintiff's DTPA claim imposes requirements and prohibitions that relate to the subject matter of § 1681s–2, and is preempted by the express language of § 1681t(b)(1)(F).").

Accordingly, Plaintiff's claim for violations of the Texas Debt Collection Act is dismissed.

## VI. Declaratory Relief

Part G of the complaint requests declaratory relief. Specifically, Plaintiff requests a determination that (1) he has not defaulted on the terms of his loan; (2) his loan has not been properly accelerated and posted for foreclosure; and (3) Defendants are precluded from attempting to foreclose upon his property.[1]

Defendant argues that because Plaintiff's complaint otherwise fails to state a claim, this claim for declaratory relief should be dismissed.

Plaintiff argues that a claim for declaratory judgment is proper when there is a justiciable controversy about the rights of the parties. Plaintiff contends such a situation exists here.

■ Plaintiff cannot maintain a "claim" for declaratory judgment because all substantive claims have been dismissed. Declaratory relief is a procedural device for granting a remedy. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 752 n. 3 (5th Cir.1996). "[I]t does not create any substantive rights or causes of action." *Id.* In other words, Plaintiff's request for declaratory relief cannot stand alone. Here, declaratory relief was premised on two substantive claims (breach of contract and violation of the DTPA) that have both been dismissed. No substantive claim on which to grant declaratory relief remains. Accordingly, the request for declaratory relief is dismissed.

## CONCLUSION

For the above stated reasons, all of Plaintiff's claims against Aurora are dismissed.

**It is SO ORDERED.**

---

1. In the event of a foreclosure sale, Plaintiff also requested a declaration that the foreclosure was wrongful. This issue does not need to be addressed because no sale has occurred.