# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2011

No. 11-50059
Summary Calendar

Lyle W. Cayce
Clerk

GRANT POLLETT,

Plaintiff-Appellant

v.

AURORA LOAN SERVICES; MERSCORP INC; BELVIDERE NETWORKING
ENTERPRISES, doing business as Origin Funding, L.L.C.,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:10-CV-580

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Grant Pollett appeals the denial of a temporary restraining order and restraining order/preliminary injunction[1] seeking to stop Aurora Loan Services (Aurora) from foreclosing on his home, the dismissal of his fraud and "wrongful foreclosure" claims against Aurora for failure to state claims upon which relief can be granted, the dismissal of Belvidere Networking Enteprises (Belvidere) for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] In his motion for a restraining order, Pollett requested a preliminary injunction.

lack of timely service, and the denial of his motion for reconsideration. Pollett raised numerous additional claims in the district court that he did not brief here; therefore, those claims have been abandoned.[2]

We lack jurisdiction to review the denial of Pollett's motion for a temporary restraining order,[3] and the appeal of Pollett's motion for a restraining order/preliminary injunction is moot because Aurora has already foreclosed on his home.[4]  Therefore, we dismiss those claims respectively for lack of jurisdiction and for mootness.

With respect to Pollett's assertion that the district court erred in dismissing his claims against Aurora for fraud and for wrongful foreclosure, we review a district court's grant of a motion to dismiss for failure to state a claim de novo, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff.[5]  The plaintiff must allege sufficient facts to suggest a plausible ground for relief.[6]

The district court correctly determined that Pollett had failed to state a claim for wrongful foreclosure under Texas law because he failed to plead all elements of that cause of action.  In particular, he failed to allege (1) that his home sold for a grossly inadequate selling price and (2) a causal connection between a defect in the foreclosure sale proceedings and the grossly inadequate selling price.[7]  Likewise, the district court did not err in dismissing Pollett's

---

[2] *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

[3] *See In re Lieb*, 915 F.2d 180, 183 (5th Cir. 1990).

[4] *See Marilyn T., Inc. v. Evans,* 803 F.2d 1383, 1384-85 (5th Cir. 1986) (determining that the appeal of a preliminary injunction was moot because no order of the court could affect the parties' rights with respect to the injunction that it was called upon to review), *abrogated on other grounds by Litton Fin. Printing Div. v. NLRB*, 501 U.S. 190 (1991).

[5] *See Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010).

[6] *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

[7] *See Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App. 2008).

fraud claim against Aurora because he did not plead this claim with specificity.[8] Although he alleged that Aurora told him to default on his mortgage so that he would qualify for a loan modification and that it would not foreclose despite the default, he did not allege in the district court when and where Aurora's allegedly fraudulent statements were made.[9]

With respect to Pollett's challenge to the dismissal of Belvidere for lack of timely service, the district court dismissed Belvidere before 120 days from the date Belvidere was named as a defendant had elapsed. Further, the court failed to give Pollett notice of its intent to dismiss Belvidere.[10] Nevertheless, even if the district court abused its discretion,[11] we can "affirm the district court's judgment on any grounds supported by the record."[12] The only claim that Pollett raises on appeal with respect to Belvidere is that it engaged in predatory lending practices under the Texas Deceptive Trade Practices Act (DTPA) because it sold him a loan that was designed to be unaffordable. Pollett has failed to state a claim against Belvidere pursuant to the DTPA because he alleges only that Belvidere sold him a loan that was designed to be unaffordable and that it should not have done so. Pollett has not alleged sufficient facts to suggest a plausible ground for relief because he has not adequately alleged (1) that he was victimized by false, misleading, or deceptive acts, failures to disclose, or an

---

[8] *See* FED. R. CIV. P. 9(b); *see also Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.,* 565 F.3d 200, 207 (5th Cir. 2009) (stating that Rule 9(b) requires the plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent).

[9] *See Flaherty & Crumrine,* 565 F.3d at 207.

[10] *See* FED. R. CIV. P. 4(m).

[11] *See Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 445 (5th Cir. 1996).

[12] *Sojourner T v. Edwards,* 974 F.2d 27, 30 (5th Cir. 1992).

unconscionable course of action, (2) which was a "producing cause" of damages.[13] We therefore affirm the district court's dismissal of the claims against Belvidere on this alternate ground.

The district court did not abuse its discretion in denying Pollett's motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure,[14] wherein he argued that the substitute trustee was prohibited by Texas Property Code § 51.0074(b)(1) from advocating on Aurora's behalf at the injunction hearing. Because Pollett presented no evidence establishing the identity of the substitute trustee or any authority supporting his position, he has failed to establish that the district court based its decision to deny his motion on an erroneous view of the law or on a clearly erroneous assessment of the evidence.[15]

APPEAL DISMISSED IN PART FOR LACK OF JURISDICTION AND IN PART AS MOOT; AFFIRMED IN PART.

---

[13] *Streber v. Hunter,* 221 F.3d 701, 727 (5th Cir. 2000); *see also* TEX. BUS. & COM. CODE §§ 17.44, 17.46(a), 17.50(a)(1); *Iqbal*, 129 S. Ct. at 1949.

[14] *See Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005).

[15] *See id.*