# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-51025

United States Court of Appeals
Fifth Circuit

**FILED**

March 10, 2015

Lyle W. Cayce
Clerk

ANDREA C. GUAJARDO; JUANITA ZEPEDA,

Plaintiffs – Appellants,

v.

JP MORGAN CHASE BANK, N.A.; JP MORGAN CHASE BANK
NATIONAL ASSOCIATION, Successor by Merger to Chase Home Finance,
L.L.C.; AH4R I TX, L.L.C.,

Defendants – Appellees.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:13-CV-588

Before DAVIS and ELROD, Circuit Judges.*

PER CURIAM:**

We *sua sponte* withdraw the prior panel opinion, *Guajardo v. JP Morgan Chase Bank, N.A.*, No. 13-51025, 2015 WL 136403 (5th Cir. Jan. 12, 2015), and substitute the following:

---

* This opinion is being entered by a quorum of this court pursuant to 28 U.S.C. Section 46(d).

** Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 13-51025

In this case we address whether the district court erred in dismissing, pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiffs' claims relating to the foreclosure of their home. Because Plaintiffs failed to state any valid claim for relief, we AFFIRM.

## I.

According to the Third Amended Complaint,[1] Plaintiffs, Andrea C. Guajardo and Juanita Zepeda, purchased a home in San Antonio, Bexar County, Texas (Property). JP Morgan Chase Bank, N.A. (JPMC) loaned the purchase money to Plaintiffs in exchange for a mortgage note which was secured by a deed of trust on the Property. Later, Plaintiffs could no longer make their payments on the mortgage. They notified JPMC of their situation, and filed an application for a loan modification. JPMC told them on four occasions that it would review their application and respond before "any non-judicial foreclosure action would be taken." Plaintiffs never heard back from JPMC. JPMC foreclosed on the Property and AH4R I TX, L.L.C. (AH4R) purchased it at the non-judicial foreclosure sale. Plaintiffs claim that, because they did not discover the foreclosure until after JPMC completed the sale, they lost the opportunity to prevent foreclosure.

Plaintiffs sued Defendants in Texas state court based on various causes of action, including breach of contract and wrongful foreclosure. Defendants removed the case to federal court based on diversity jurisdiction. The parties went through multiple rounds of pleadings during which Plaintiffs tried to correct defects identified in JPMC's motions to dismiss.

---

[1] Because this appeal addresses the sufficiency of Plaintiffs' complaint, we must accept as true the facts pleaded in the complaint, view them in the light most favorable to Plaintiffs, and draw all reasonable inferences in favor of Plaintiffs. *Morgan v. Swanson*, 659 F.3d 359, 396 (5th Cir. 2011) (en banc).

No. 13-51025

Plaintiffs' First Amended Complaint alleged causes of action for breach of contract, misrepresentation, wrongful foreclosure, violation of the Texas Deceptive Trade Practices Act (DTPA), and declaratory judgment. JPMC moved to dismiss Plaintiffs' claims pursuant to 12(b)(6), arguing that Plaintiffs asserted these causes of action without providing facts sufficient to state a claim that was plausible on its face.

Plaintiffs responded by requesting leave to file their Second Amended Complaint, which was identical to the First Amended Complaint except for the addition of "promissory estoppel and constructive fraud" to the list of claims. The district court granted Plaintiffs' request for leave and accepted the Second Amended Complaint, but also simultaneously granted, in part, JPMC's motion to dismiss "because the [second] amended complaint [did] not address the issues in the Defendant's motion to dismiss." The district court dismissed Plaintiffs' breach of contract claim on the ground that the Second Amended Complaint "only allege[s] generally that Chase breached unspecified contract provisions by failing to comply with unspecified requirements of [Tex. Bus. & Com. Code Ann. §] 51.002."

JPMC then filed a motion to dismiss the remaining claims in Plaintiffs' Second Amended Complaint. Plaintiffs obtained leave to file a Third Amended Complaint. In their Third Amended Complaint, Plaintiffs added allegations relating to their fraud claim and specified the notice procedures in § 51.002 that JPMC allegedly violated. The district court granted JPMC's motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim because the "third amended complaint does not address the defects in the Plaintiffs' second amended complaint." Plaintiffs appealed.

No. 13-51025

## II.

We review a district court's 12(b)(6) dismissal *de novo*, applying the same standard that the district court applied. *Gen. Elec. Capital Corp. v. Posey*, 415 F.3d 391, 395 (5th Cir. 2005). We may affirm the district court's dismissal "on any grounds supported by the record." *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010). When ruling on a motion to dismiss, we must accept as true a plaintiff's factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To overcome a motion to dismiss, a plaintiff must plead facts sufficient to state a "legally cognizable claim that is plausible" on its face. *Lone Star Fund V (U.S.), L.P., v. Barclay's Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The federal pleadings standard requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8; *Id.* at 677–78. The standard does not require detailed factual allegations, but where a complaint lacks allegations that can plausibly support the required elements of claim, it should be dismissed. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

## III.

Plaintiffs' Third Amended Complaint includes the following claims: breach of contract,[2] wrongful foreclosure, negligent misrepresentation, fraud, promissory estoppel, constructive fraud, violation of the DTPA, declaratory

---

[2] The district court dismissed, with prejudice, Plaintiffs' breach of contract claim based on the allegations in the Second Amended Complaint. As explained below, our analysis of this particular claim turns on the allegations in the Second Amended Complaint.

No. 13-51025

judgment, and trespass to try title.  The district court dismissed all claims.  For the reasons discussed in detail below, we affirm the district court's judgment.

## A.

"[T]he essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach."  *Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (citing *Valero Mktg. & Supply Co. v. Kalama Int'l*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.)).  In their Second Amended Complaint, Plaintiffs alleged that they entered into a mortgage agreement with JPMC and executed a deed of trust in favor of JPMC.  They generally claimed that JPMC breached the terms of the mortgage agreement and deed of trust but did not specify which provisions or obligations.  Plaintiffs also claimed that JPMC breached the mortgage agreement and deed of trust by violating Tex. Prop. Code Ann. § 51.002, which these documents allegedly incorporated by reference.  However, Plaintiffs did not identify which provision of the mortgage agreement or deed of trust incorporated this obligation or the manner in which JPMC violated § 51.002.

The district court dismissed the breach of contract claim in the Second Amended Complaint because Plaintiffs "only allege generally that [JPMC] breached unspecified contract provisions by failing to comply with unspecified requirements of § 51.002."  We agree.[3]  Plaintiffs failed to allege the manner in

---

[3] Furthermore, to the extent that Plaintiffs allege that JPMC breached any agreement (or modification) formed by JPMC's alleged oral promise, such a claim is barred by the statute of frauds.  *See* Tex. Bus. & Com. Code Ann. § 26.02(a)(2) (requiring a writing for loan agreements involving loans of $50,000 or more); *see also Martins v. BAC Home Loans Servicing*, L.P., 722 F.3d 249, 256 (5th Cir. 2013) (holding that the statute of frauds applies to oral modifications to loan agreements).  JPMC's alleged promise to delay foreclosure was never reduced to writing.

which JPMC breached the mortgage agreement or "identify which provision of the deed of trust [JPMC] allegedly breached." *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014) (dismissing a breach of contract claim on this basis). Plaintiffs' complaint contains only a general allegation and lacks the "further factual enhancement" needed to state a plausible breach of contract claim and put JPMC on notice as to the nature of the claim. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557); *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").

The fact that the district court gave Plaintiffs' leave to file their Third Amended Complaint, in which Plaintiffs again included their breach of contract claim, has no effect on the district court's earlier dismissal order. "As a general proposition, dismissal of a complaint for failure to state a claim operates as an adjudication on the merits absent the court's specification to the contrary, and is therefore with prejudice." *Williams v. Dallas Cnty. Comm'rs*, 689 F.2d 1212, 1215 (5th Cir. 1982); *see, e.g.*, *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 288 n.8 (5th Cir. 1993) ("[I]t is well established that a dismissal is presumed to be with prejudice unless the order explicitly states otherwise."); *Hines v. Delta Air Lines, Inc.*, 461 F.2d 576, 579 n.12 (5th Cir. 1972) (citing the presumption in Fed. R. Civ. P. 41(b) that an involuntary dismissal is presumed to be an adjudication on the merits). Even ignoring this general presumption, the district court specifically indicated in its second dismissal order that its earlier dismissal was with prejudice. In the second dismissal order, the district court explained that "[o]n September 12, 2013, the Court entered an order dismissing the Plaintiffs' breach of contract claim with prejudice. [JPMC] has filed a motion to dismiss the remaining claims, arguing that they also fail as a matter of law." Based on the general presumption and

the district court's description of its own order, we look to the Second Amended Complaint in analyzing Plaintiffs' claim for breach of contract and agree with the district court that their allegations are inadequate.

**B.**

Under Texas law, a claim for wrongful foreclosure generally requires: (1) "a defect in the foreclosure sale proceedings;" (2) "a grossly inadequate selling price;" and (3) "a causal connection between the defect and grossly inadequate selling price." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (citing *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.)). In their Third Amended Complaint, Plaintiffs allege that JPMC failed to comply with the notice procedures required for a foreclosure sale,[4] that, as a result, they lost the opportunity to obtain cash or to find a buyer for the Property before JPMC foreclosed, and that the Property sold for a grossly inadequate selling price. The district court dismissed the claim for failure to adequately allege a grossly inadequate selling price.

We agree with the district court that Plaintiffs' wrongful foreclosure claim should be dismissed, but for a different reason—Plaintiff's abandoned the claim on appeal. In challenging the district court's dismissal, Plaintiffs did not argue that their wrongful foreclosure claim should survive because they adequately pleaded a grossly inadequate sales price. *See Thompson v. Deutsche Bank Nat. Trust Co.*, 775 F.3d 298, 304 (5th Cir. 2014) (citing *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir.1994) ("An appellant abandons all issues not raised and argued in its initial brief on appeal.")). They only argued

---

[4] Tex. Prop. Code Ann. § 51.002(b) requires the creditor to serve each debtor of record with written notice of a foreclosure sale at least twenty-one days in advance.

that the claim should survive because they need not plead that element at all. However, our precedent requires this element in all but a specific category of cases that does not include the instant case. *See Miller*, 726 F.3d at 727 (discussing an exception where a plaintiff alleges that the mortgagee "deliberately 'chilled' the bidding at the foreclosure sale").

## C.

Plaintiffs alleged that JPMC misrepresented that it would review and respond to their application for a loan modification before foreclosing on the Property.    Relying   on   this   allegation,   Plaintiffs   claim   negligent misrepresentation, fraud, and constructive fraud.  The district court dismissed all three claims because they rest on a misrepresentation regarding future conduct, not existing fact.  We affirm as to all three claims.

## 1.

A claim for negligent misrepresentation requires Plaintiffs to show that: (1) JPMC, in the course of its business, supplied to Plaintiffs false information for guidance in a business transaction; (2) JPMC did not exercise reasonable care or competence in obtaining or communicating the information; (3) Plaintiffs justifiably relied on the information; and (4) JPMC's negligent misrepresentation proximately caused Plaintiffs to suffer pecuniary loss. *See First Nat'l Bank of Durant v. Trans Terra Corp. Int'l*, 142 F.3d 802, 809 (5th Cir. 1998) (citing *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991)).  However, "the misrepresentation at issue must be one of *existing fact.*"  *BCY Water Supply Corp. v. Residential Inv., Inc.*, 170 S.W.3d 596, 603 (Tex. App.—Tyler 2005, pet. denied) (emphasis added).  A misrepresentation regarding future conduct cannot support the claim.  *See Clardy Mfg. Co. v. Marine Midland Bus. Loans Inc.*, 88 F.3d 347, 357 (5th Cir. 1996) (citing

*Airborne Freight Corp., Inc. v. C.R. Lee Enterprises*, 847 S.W.2d 289, 298 (Tex. App.—El Paso 1992, writ denied)).

For example, in *BCY* a water supply company's employee represented that there would be no problem getting water service for a certain piece of property that the plaintiff planned to purchase. 170 S.W.3d at 599. In *Maddox v. Vantage Energy, LLC*, an oil and gas company promised to give individual land owners an opportunity to accept a pre-existing deal it had with a land-owners association. 361 S.W.3d 752, 761 (Tex. App.—Fort Worth 2012, pet. denied). In both of these cases, the Texas Court of Appeals held that the plaintiffs' negligent misrepresentation claims failed as a matter of law because any alleged misrepresentation regarded future conduct, not an existing fact. Our court, following Texas law, has done the same. *Verdin v. Fed. Nat'l Mortg. Ass'n*, 540 F. App'x 253, 255 (5th Cir. 2013) (holding that a mortgagee telling a mortgagor "not to worry about the foreclosure" is a promise of future conduct and is "not actionable under Texas law.").

Similarly, Plaintiffs in this case allege that JPMC promised to delay foreclosure until it considered and responded to Plaintiffs' application for a loan modification. As the district court correctly noted, this is no more than a promise of future conduct and, therefore, Plaintiffs have failed to state a claim for negligent misrepresentation.

**2.**

A valid claim for fraud requires Plaintiffs to show that: (1) JPMC made a representation to them in the course of business; (2) the representation was false; (3) JPMC knew the representation was false or made the representation recklessly; (4) JPMC intended for the Plaintiffs to rely on the representation; (5) Plaintiffs did rely on the representation; and (6) Plaintiffs suffered injury as a result. *E.g.*, *Massey v. EMC Mortg. Corp.*, 546 F. App'x 477, 481 (5th Cir.

2013); *Clardy*, 88 F.3d at 359 (5th Cir. 1996); *see also In re First Merit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001).

Like the negligent misrepresentation claims, the district court dismissed Plaintiffs' fraud claim for failure to allege a misrepresentation of existing fact. Fraud claims based on promises of future conduct may proceed, but they require further allegations. *See Clardy*, 88 F.3d at 360 (noting that promises of future conduct can support a fraud claim "'only when made with the intention, design and purpose of deceiving'") (quoting *Airborne Freight*, 847 S.W.2d at 294). In addition to the above elements, a plaintiff must also establish that the defendant intended not to perform at the time it made the promise at issue. *See Schindler v. Austwell Farmers Coop.*, 841 S.W.2d 853, 854 (Tex. 1992). While the Federal Rules of Civil Procedure require a plaintiff to plead with specificity the circumstances constituting fraud, "conditions of a person's mind" may be alleged generally. Fed. R. Civ. P. 9(b); *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 206 (5th Cir. 2009). In describing the circumstances of the fraud, a plaintiff must set out the allegedly fraudulent statements, when and where the statements were made, and why they were fraudulent. *See Flaherty*, 565 F.3d at 206 (interpreting Rule 9(b) to require these allegations). However, "[f]ailure to perform, standing alone, is no evidence of the[] intent not to perform when the promise was made." *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 435 (Tex. 1986); *see, e.g., Clardy*, 88 F.3d at 360 (ruling against a plaintiff on a motion for summary judgment).

In their Third Amended Complaint, Plaintiffs alleged that a representative from JPMC orally promised them by phone (on four occasions, the latest being in August 2012) that their "application would be reviewed and told the Plaintiffs that they would receive an answer and respond to the

Plaintiffs before any non-judicial foreclosure action would be taken." Plaintiffs further alleged that JPMC expected that Plaintiffs' would rely upon this promise and knew that such reliance would lead to injury. However, Plaintiffs did not specifically allege that JPMC did not intend to perform the promise at the time it was made, much less the facts necessary to generally support such an allegation. *See Clardy*, 88 F.3d at 360; *see also Pollett v. Aurora Loan Services*, 455 F. App'x 413, 415 (5th Cir. 2011) (affirming the dismissal of a debtor's fraud claim against a lender for failure to plead the claim with specificity). Accordingly, the district court did not err in dismissing Plaintiffs' fraud claim.

**3.**

Plaintiffs also alleged constructive fraud. The district court, again, dismissed the claim for failure to allege misrepresentation of an existing fact. We affirm, but for alternative reasons.

Constructive fraud is the breach of a legal or equitable duty that the law declares fraudulent because it violates a fiduciary relationship.[5] *Hubbard v. Shankle*, 138 S.W.3d 474, 483 (Tex. App.—Fort Worth 2004, pet. denied). It differs from the normal fraud claim in that it does not require the intent to defraud. *Id.* It centers on conduct that, at the very least, tends to deceive and

---

[5] A fiduciary relationship is not *required* in all constructive fraud cases. *See Vickery v. Vickery*, 999 S.W.2d 342, 377 (Tex. 1999) ("Constructive fraud is *most frequently* found in a breach of a fiduciary or confidential relationship.") (emphasis added); *see also In re Soza*, 542 F.3d 1060, 1076 (5th Cir. 2008) (surveying Texas cases involving constructive fraud claims). However, in cases lacking a fiduciary relationship, the constructive fraud claim is supported by particularly egregious facts. *See, e.g.*, *Klein v. Sporting Goods, Inc.*, 772 S.W.2d 173, 174 (Tex. App.—Houston [14th Dist.] 1989, writ denied) (involving a store owner of an insolvent company who incorporated a second company to buy the assets of the first and avoid paying unsecured creditors). Here, Plaintiffs allege nothing more than unfulfilled statements made during negotiations between a debtor and lender. These facts are not egregious enough to eliminate the need to establish the existence of a fiduciary duty.

thus breaches a legal or equitable duty that the law considers important. *In re Soza*, 542 F.3d 1060, 1072 (5th Cir. 2008). The fiduciary duty "may arise from a moral, social, domestic or purely personal relationship of trust and confidence," but that relationship must exist before and apart from the agreement that forms the basis of the suit. *Id.* Moreover, "a fiduciary relationship is an extraordinary one and will not be created lightly." *Manon v. Solis*, 142 S.W.3d 380, 390 (Tex. App.—Houston [14th Dist.] 2004, pet. denied). "Mere subjective trust, without more, does not indicate that the person places confidence in another in the sense demanded by a fiduciary relationship, especially in the context of arm's length dealing." *Id.* "[T]he relationship between a borrower and its lender generally does not create a fiduciary duty or impose a duty of good faith and fair dealing." *Baskin v. Mortgage & Trust, Inc.*, 837 S.W.2d 743, 747 (Tex. App.—Houston [14th Dist.] 1992, writ denied).

Plaintiffs failed to allege the existence of a fiduciary relationship, much less any facts that would support the existence of a fiduciary relationship. They allege no facts showing a relationship that pre-existed the loan or that JPMC formed a relationship of trust and confidence as opposed to one created for an arm's length transaction. *See Castillo v. First City Bancorporation of Texas, Inc.*, 43 F.3d 953, 960 (5th Cir. 1994) (holding that a broker-client relationship with antagonistic interests does not create fiduciary duties). Forming a debtor-lender relationship does not create fiduciary duties. *See Baskin*, 837 S.W.2d at 747. Therefore, we agree with the district court's dismissal of the constructive fraud claim.

**D.**

Plaintiffs seek a reliance remedy against JPMC based on the doctrine of promissory estoppel. A cause of action for promissory estoppel requires: (1) a promise by the defendant; (2) foreseeable and actual reliance on the promise

by the plaintiff to his detriment; and (3) that enforcement of the promise be necessary to avoid an injustice. *See "Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 937 (Tex. 1972); *Ford v. City State Bank of Palacios*, 44 S.W.3d 121, 139 (Tex. App.—Corpus Christi 2001, no pet.). "To support a finding of promissory estoppel, the asserted promise must be sufficiently specific and definite that it would be reasonable and justified for the promisee to rely upon it as a commitment to future action." *Comiskey v. FH Partners, LLC*, 373 S.W.3d 620, 635 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (internal quotation marks omitted). One federal court applying Texas law has held "that a promise that [a plaintiff's] loan modification was 'under consideration' would not trigger the promissory estoppel doctrine." *Stolts v. Wells Fargo Bank, NA*, No. 1:13-CV-19, 2014 WL 3545464, at *3 n.4 (S.D. Tex. Jan. 16, 2014) (citing *Addicks Servs., Inc. v. GGP–Bridgeland, LP*, 596 F.3d 286, 300 (5th Cir. 2010)). According to the Third Amended Complaint, JPMC promised not only that it would consider Plaintiffs' application, but that "there would be no non-judicial foreclosure *until* the loan modification process was completed and they were given a response and answer." This additional representation makes JPMC's promise sufficiently definite to support a plausible claim for promissory estoppel.

However, following our precedent, where a defendant has a valid, affirmative defense made plain on the face of the pleadings, the district court may dismiss on this basis. *See Kansa Reins. Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994) (citation omitted) ("[W]hen a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate."). Where a contract claim (as here) is barred by

the statute of frauds,[6] an alternative claim of promissory estoppel requires the plaintiff to show not only that the defendant made a promise upon which he relied, but also "that the [defendant] promised to sign a written document complying with the statute of frauds."  *Martins*, 722 F.3d at 256–57 (citing *Carpenter v. Phelps*, 391 S.W.3d 143 (Tex.App.—Houston [1st Dist.] 2011, no pet.); *Ford v. City State Bank of Palacios*, 44 S.W.3d 121, 139 (Tex.App.—Corpus Christi 2001, no pet.); *Beta Drilling, Inc. v. Durkee*, 821 S.W.2d 739, 741 (Tex.App.—Houston 1992, writ denied)).

Plaintiffs failed to allege this additional promise.  The complaint alleges that JPMC orally promised it would consider Plaintiffs' application before foreclosing, but never alleges that JPMC said it would put that promise in writing.  Accordingly, because JPMC raised its statute of frauds defense in its motion to dismiss, the district court did not err in dismissing Plaintiffs' promissory estoppel claim.

**E.**

Plaintiffs also allege that JPMC violated the DTPA.  The district court dismissed this claim on the basis that Plaintiffs are not "consumers" within the meaning of the Act and thus have no basis for a DTPA claim.

---

[6] Promises or commitments to loan money or delay repayment of money as to a loan agreement exceeding $50,000 in value are not enforceable unless they comply with the statute of frauds.  Tex. Bus. & Com. Code Ann. § 26.02(a)(2); *see also Martins*, 722 F.3d at 256 (holding that the statute of frauds also applies to oral modifications to loan agreements).  Moreover, any agreement that, by its own terms, cannot be performed within one year from the date it is made must also comply with the statute of frauds.  Tex. Bus. & Com. Code Ann. § 26.01(a); *see also Baisden v. I'm Ready Productions, Inc.*, 693 F.3d 491, 503 (5th Cir. 2012) (citing *Abatement Inc. v. Williams*, 324 S.W.3d 858, 860 (Tex.App.—Houston [14th Dist.] 2010, pet. denied).  Where the agreement is for a loan, "[t]he possibility of prepayment within one year alone is not enough to take the loan agreement out of [the] statute of frauds." *Schuhart v. Chase Home Fin., L.L.C.*, No. C-05-385, 2006 WL 1897263, at *2 (S.D. Tex. July 10, 2006) (citing *Mann v. NCNB Texas Nat. Bank*, 854 S.W.2d 664, 668 (Tex. App.—Dallas 1992, no writ)).  The loan at issue here, under either basis, is subject to the statute of frauds.

No. 13-51025

To succeed on a DTPA claim, Plaintiffs must show: (1) they are consumers who sought or acquired, by purchase or lease, goods or services from JPMC; (2) JPMC can be sued under the DTPA; (3) JPMC committed an act in violation of the DTPA; and (4) JPMC's purported action was a producing cause of Plaintiffs' damages. *See* Tex. Bus. & Com. Code Ann. §§ 17.41–.63; *see also In re Frazin*, 732 F.3d 313, 323 (5th Cir. 2013); *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995).

The DTPA provides a private cause of action only for "consumers," meaning those who purchase a good or service. *See Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 907 (5th Cir. 2002); *see also Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 173 (Tex. 1980) (citing Tex. Bus. & Com. Code Ann. § 17.45(4)). "Generally, a person cannot qualify as a consumer if the underlying transaction is a pure loan because money is considered neither a good nor a service." *Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 160 (Tex. App.—Fort Worth 2007, pet. denied) (citing *Riverside*, 603 S.W.2d at 173–74).

We have dismissed DTPA claims based on nearly identical facts. In *Miller*, the plaintiffs based their claim on their lender's promises and conduct during attempts to modify their original purchase-money mortgage. 726 F.3d at 725. We held that since the claim rested on promises and conduct related to a loan modification, not the original loan used to purchase the plaintiffs' house, the complaint was based on a "pure loan transaction" and the plaintiffs did not qualify as consumers. *Id.* (citing *Ford*, 44 S.W.3d at 133); *see also Ayers v. Aurora Loan Servs., LLC*, 787 F. Supp. 2d 451, 455 (E.D. Tex. 2011) ("[A] modification of an existing loan . . . is analogous to refinancing services. Refinancing is simply an extension of credit that does not qualify Plaintiff as a consumer."). *Miller* is directly on point and the district court did not err in dismissing this claim.

15

No. 13-51025

**F.**

The district court dismissed Plaintiffs' remaining claims for declaratory judgment and trespass to try title on the ground that "[a]ll of Plaintiffs' substantive claims fail as a matter of law.  Because their actions for declaratory judgment and in trespass to try title are based on those claims, they also fail as a matter of law."  We agree.

Under federal statute, federal courts have authority to grant declaratory relief so long as a justiciable controversy exists as to the rights of the parties and a declaration is capable of resolving the controversy.  28 U.S.C. § 2201; *see Bauer v. Texas*, 341 F.3d 352, 357–58 (5th Cir. 2003) (holding that the test for an "actual controversy" is nearly identical to the test for Article III standing).  As discussed above, Plaintiffs have failed to state any other valid claim for relief.  Because a declaratory judgment is "remedial in nature," where all of a plaintiff's causes of action are dismissed, a related declaratory judgment claim should also be dismissed.  *See, e.g.*, *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 243 (5th Cir. 2014).

Similarly, a trespass to try title claim requires a plaintiff to prove a basis for his right to title.  *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004).  Here, any purported right of Plaintiffs to title in the Property is based on the failed claims already discussed above, so this claim should also be dismissed.  *See, e.g.*, *Singha v. BAC Home Loans Servicing, L.P.*, 564 F. App'x 65, 72 (5th Cir. 2014); *Williams*, 560 F. App'x at 242–43.

**IV.**

For the foregoing reasons, we AFFIRM.

16