# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20131

United States Court of Appeals
Fifth Circuit

**FILED**

October 8, 2015

Lyle W. Cayce
Clerk

GEORGE W. CAMPBELL,

Plaintiff - Appellant

v.

DLJ MORTGAGE CAPITAL, INCORPORATED; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED; BRAVO CREDIT,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-2794

Before OWEN, GRAVES, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

George Campbell lost ownership of his home to a mortgage company, DLJ Mortgage Capital, Inc., through non-judicial foreclosure in Texas state court. He thereafter sued DLJ, also in state court, seeking to avoid eviction and to invalidate both the foreclosure and the deeds transferring ownership to the property. DLJ removed the case to federal court and moved to dismiss

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20131

Campbell's complaint for failure to state a claim. The district court granted the motion. We affirm.

## I.

We take the allegations in Campbell's complaint as true. *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). We also consider the documents that Campbell attached to his complaint, and the documents that DLJ attached to its motion to dismiss that were both central to and mentioned by the complaint. *See id.* These documents include four contracts: a promissory note, a deed of trust, a contract assigning the deed of trust, and a foreclosure sale deed. To the extent that the contracts conflict with Campbell's allegations, the contracts control. *See Bosarge v. Mississippi Bureau of Narcotics*, 796 F.3d 435, 440-41 (5th Cir. 2015).

In October 2007, Campbell borrowed roughly half a million dollars to buy a house in Houston. To receive the loan, Campbell signed two documents in favor of his lender, Bravo Credit: (1) a note, which set out the terms of the loan, and (2) a deed of trust, which secured the loan with a lien on Campbell's newly purchased house. Campbell's wife, Julia Browder, also signed the deed of trust. The deed of trust listed another company, Mortgage Electronic Registration Systems, Inc. ("MERS"), as "nominee" for Bravo and Bravo's "assigns" and as "beneficiary" of the deed of trust.

Sometime thereafter, Campbell fell ill with cancer. Seeking "to reduce his payments during his illness," Campbell called his "[l]ender"—the complaint does not specify just who—to ask for a loan modification or "some type of arrangement." The "representatives" with whom he spoke told him "to just stop making payments." Campbell took this instruction as "a promise to allow [him] to stop making payments during his illness" and stopped paying the note.

In late June 2012, MERS, "as nominee for Bravo [and] . . . its assigns," assigned the deed of trust to DLJ, which recorded the notarized assignment

No. 15-20131

the following week. DLJ thereafter applied in Texas state court for an expedited home-equity foreclosure order, which the state court issued in May 2013. A foreclosure sale followed in September 2013; DLJ bought the house at the sale. Nine months later, in June 2014, Campbell still hadn't moved out. Consequently, DLJ secured an eviction order, which a Harris County deputy constable served on June 27, 2014.

Campbell then sued DLJ, MERS, and Bravo in state court, asserting ten state law claims and asking the court to enjoin the eviction and declare DLJ's interest in the property invalid. DLJ removed the case to federal court on the ground of diversity and filed a motion to dismiss, which the district court granted. The court thereafter entered final judgment dismissing the case— with prejudice as to DLJ and without as to MERS and Bravo, whom Campbell had never served. This appeal followed.

## II.

We review de novo the district court's decision to dismiss. *Frame v. City of Arlington*, 657 F.3d 215, 222 (5th Cir. 2011) (en banc). Dismissal is proper if a complaint does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). We can affirm on any basis supported by the record. *Taylor v. City of Shreveport*, 798 F.3d 276, 279 (5th Cir. 2015) (citation omitted).

## III.

Campbell challenges the district court's dismissal of eight of his claims. First, he argues that the district court should not have dismissed his claim for "trespass to try title." The claim is based on his contention that "MERS lack[ed] the power" to assign the deed of trust to DLJ and that, as a result, DLJ lacked the power to foreclose. But Texas law—which the parties agree applies here— recognizes assignments of deeds of trust by MERS, and, moreover, explicitly

3

No. 15-20131

"permits MERS and its assigns to bring foreclosure actions under the Texas Property Code." *Farkas v. GMAC Mortgage, L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013); *see generally Harris Cty. Texas v. MERSCORP Inc.*, 791 F.3d 545, 549-50 (5th Cir. 2015) (explaining MERS's role in the mortgage industry). So this contention fails. Moreover, the only allegation in Campbell's complaint that supports this claim is his assertion that "MERS is not listed nor defined as the Lender nor its nominee" in the deed of trust. But the deed of trust shows the opposite: it provides that MERS will "act[] . . . as a nominee" for Bravo and Bravo's "assigns" and names "MERS . . . as nominee" and MERS's "successors and assigns" as "beneficiary." Thus, both Texas law and the express terms of the deed of trust permitted MERS to assign the deed of trust to DLJ. Hence the district court properly dismissed this claim.

Second, Campbell argues that the district court erred in dismissing his claim for statutory fraud under the Texas Business and Commercial Code. To state a claim for statutory fraud, a plaintiff must allege, among other things, that the defendant made a "false representation" or a "false promise" with the purpose of "inducing [a] person to enter into a contract." Tex. Bus. & Com. Code § 27.01. Here, Campbell's statutory fraud claim is based on his allegation that an unidentified "representative[]" of his "[l]ender" instructed him "to just stop making payments." He nowhere alleges that this instruction was made with the purpose of inducing him to enter a contract. So the district court correctly dismissed the claim.

Third, Campbell argues that the district court erred in dismissing his common law fraud claim. To plead fraud, a plaintiff must "state with particularity" the circumstances of the fraud. Fed. R. Civ. P. 9(b). We have held that, to satisfy this standard, a plaintiff must, at a minimum, set forth the "time, place[,] and contents of the false representation," "the identity of the person making the misrepresentation," and what the person making the

4

misrepresentation gained by making it. *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009) (citation omitted). Here, Campbell contends that DLJ committed fraud by falsely representing that it "had proper standing to foreclose when [it] clearly did not." Thus, Campbell's fraud claim is merely derivative of his meritless claim that DLJ lacked standing to foreclose. Hence the district court correctly dismissed the claim.

Fourth, Campbell argues that the district court erred in dismissing his negligent misrepresentation claim. To support a claim for negligent misrepresentation under Texas law, "the misrepresentation . . . must be one of existing fact." *BCY Water Supply Corp. v. Residential Inv., Inc.*, 170 S.W.3d 596, 603 (Tex. App. 2005). Thus, "a promise to do or refrain from doing an act in the future" will not support an action for negligent misrepresentation. *Id.* Here, Campbell alleges that a "representative[]"—he does not specify who— told him that he could "just stop making payments." He characterizes this statement as "a promise to allow [him] to stop making payments during his illness." He alleges no other misrepresentation beside this "promise." A promise about the future is not a statement of existing fact. *See Guajardo v. JP Morgan Chase Bank, N.A.*, 605 F. App'x 240, 245 (5th Cir. 2015). So the district court properly dismissed this claim as well.

Fifth, Campbell argues that the district court erred in dismissing his promissory estoppel claim. To state a claim for promissory estoppel under Texas law, a plaintiff must allege, among other things, that his reliance on the promise was "reasonable and justified." *Gilmartin v. KVTV-Channel 13*, 985 S.W.2d 553, 558 (Tex. App. 1998). Reliance is justified only when the promise is "definite." *Id.* (citation omitted). In contrast, reliance on "only vague assurances" is unjustified. *Id.* Here, Campbell's promissory estoppel claim is based on the alleged "promise to allow [him] to stop making payments during his illness." But Campbell's complaint fails to make clear who made him the

promise, much less what he was promised would happen (or not happen) if he stopped paying his mortgage. Thus, he has not alleged that he was promised anything "definite." Hence the district court properly dismissed the claim.

Sixth, Campbell argues that the district court erred in dismissing his breach-of-contract claim. But his complaint merely lists the elements of the claim, without alleging any facts to support it. On appeal, he contends that, assuming that he "had a valid contract with . . . DLJ," then DLJ breached it by "mov[ing] to wrongfully foreclose." That means Campbell's breach-of-contract claim, like his fraud claim, simply relabels and restates his meritless claim that DLJ lacked standing to foreclose. So the district court correctly dismissed the claim.

Seventh, Campbell argues that the district court erred in dismissing his claim for tortious interference with an existing contract. Under Texas law, to state a claim for tortious interference with a contract, a plaintiff must allege, among other things, that the defendant "willfull[y] and intentional[ly]" interfered with an existing contract to which the plaintiff was a party. *Holloway v. Skinner*, 898 S.W.2d 793, 795 (Tex. 1995). In his complaint, Campbell alleged that DLJ interfered with his contract with Bravo by "forclos[ing] . . . without . . . standing to do so." But he abandons that theory—which would fail anyway, for the reasons shown above—on appeal. He now contends that DLJ interfered with his contract with Bravo by "failing to record the appropriate filings." But he does not specify which filings DLJ supposedly failed to record, much less how such a failure could have interfered—intentionally or willfully or otherwise—with any of his contracts. Hence the district court properly dismissed this claim as well.

Finally, Campbell argues that the district court should not have dismissed his claim under the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41 *et seq.* To sue under the Act, a plaintiff must establish

that he is a "consumer" as defined by the Act. *See Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 724 (5th Cir. 2013) (citation omitted). To qualify as a consumer, a person must "seek[] or acquire[]" "goods or services" "by lease or purchase." Tex. Bus. & Com. Code § 17.45(4). "Goods" include real property. *Id.* § 17.45(1). In addition, the goods or services must form the basis of the person's complaint. *See Miller*, 726 F.3d at 725; *Melody Home Mfg. Co. v. Barnes*, 741 S.W.2d 349, 352 (Tex. 1987). As a general rule, "a pure loan transaction lies outside the [Act] because money is considered to be neither a good nor a service." *Miller*, 726 F.3d at 725 (citation omitted). Here, Campbell contends that DLJ violated the Act by "making . . . misrepresentations" about a "possible refinance." We have previously held that an attempted loan modification or refinancing "is not sought for the acquisition of a good or service," but is, rather, a "pure loan transaction." *Id.* That means that Campbell does not qualify as a consumer and cannot bring a claim under the Act. Hence the district court correctly dismissed the claim.

The district court's judgment is affirmed.